## Matter of Supplementary Proceedings Michael Page Intl., Inc. v Amazon.com Sales, Inc.

2024 NY Slip Op 31246(U)

April 9, 2024

Supreme Court, New York County

Docket Number: Index No. 654656/2023

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. JUDY H. KIM                              PART                    04

*Justice*

------------------------------------------------------------------X

IN THE MATTER OF SUPPLEMENTARY PROCEEDINGS
MICHAEL PAGE INTERNATIONAL, INC.,

INDEX NO.              654656/2023

MOTION DATE         09/25/2023

                              Petitioner,

MOTION SEQ. NO.          001

- v -

AMAZON.COM SALES, INC., DEEJAYZOO, LLC d/b/a
SHHHOWERCAP,

DECISION + ORDER ON
MOTION

                              Respondent.

------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 9, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21

were read on this motion for                    TURNOVER PROCEEDING                    .

Upon the foregoing documents, the petition is denied and dismissed for the reasons set forth below.

On July 19, 2022, petitioner obtained a money judgment in the sum of $15,895.74 against Deejayzoo LLC d/b/a SHHHOWERCAP ("Deejayzoo") in New York City Civil Court, New York County (the "Judgment") (NYSCEF Doc. No. 4). Petitioner subsequently served an information subpoena and restraining notice upon "Amazon" at 450 W 33rd Street, New York, New York (NYSCEF Doc. No. 17) to which Amazon.com, Inc. responded on July 20, 2023. In that response, Amazon objected to the subpoena on various grounds, including that it was "issued to and purportedly served on 'Amazon' which is not currently an active legal entity" but stated that it had "searched its records with the information provided and located one seller account containing $2,653.46 (subject to change based on fees, returns, refunds, chargebacks, and other contractual obligations)" (NYSCEF Doc. No. 18).

**654656/2023  IN THE MATTER OF SUPPLEMENTARY PROCEEDINGS MICHAEL PAGE
INTERNATIONAL, INC. vs. AMAZON.COM SALES, INC. ET AL
Motion No.  001**

**Page 1 of 4**

[* 1]                                        1 of 4

On September 22, 2023, petitioner commenced this special proceeding, naming "Amazon.com Sales Inc." as respondent and Deejayzoo as respondent/judgment debtor and seeking an order directing the turnover of funds referenced in Amazon.com, Inc.'s response to its information subpoena (NYSCEF Doc. No. 1). Petitioner served the Petition on Amazon.com Sales Inc. on October 4, 2023, by personal service on its authorized agent (NYSCEF Doc. No. 10).

Then, on November 8, 2023, petitioner filed, without leave of the Court, an Amended Notice of Petition and Amended Petition seeking the same relief as its initial petition but replacing Amazon.com Sales, Inc. with "Amazon Payments, Inc." (NYSCEF Doc. No. 13). Petitioner served this Amended Petition and Amended Notice of Petition on Amazon Payments, Inc. by personal service on an authorized agent and served Deejayzoo at its last known address by certified mail, return receipt requested (NYSCEF Doc. Nos. 19, 22).

## DISCUSSION

CPLR §5227 provides that

> Upon a special proceeding commenced by the judgment creditor, against any person who it is shown is or will become indebted to the judgment debtor, the court may require such person to pay to the judgment creditor the debt upon maturity, or so much of it as is sufficient to satisfy the judgment, and to execute and deliver any document necessary to effect payment; or it may direct that a judgment be entered against such person in favor of the judgment creditor …

(CPLR §5227 [emphasis added])

Petitioner has not established that the named respondent, Amazon.com Sales, Inc. "is in possession of money or other property which the judgment debtor has an interest to" (See Scarola Malone & Zubatov LLP v Digital Social Retail, Inc. [Sup Ct, NY County 2019]; see also BNB Bank v Main St. Merchant Services, Inc., 74 Misc 3d 1223(A) [Sup Ct, Suffolk 2022]). The sole evidence it relies on to establish respondent's possession of the judgment debtor's funds is Amazon.com, Inc.'s response to information subpoena, yet that response states only that

**654656/2023 IN THE MATTER OF SUPPLEMENTARY PROCEEDINGS MICHAEL PAGE INTERNATIONAL, INC. vs. AMAZON.COM SALES, INC. ET AL Motion No. 001**

**Page 2 of 4**

[* 2]

2 of 4

<u>Amazon.com, Inc.</u> controls this account. There is nothing in the record to establish Amazon.com Sales, Inc.'s relation to Amazon.com Inc., or that the Amazon.com Sales, Inc. controls the judgment debtor's funds at issue here[1] (Cf. <u>Uni-Rty Corp. v New York Guangdong Fin., Inc.</u>, 117 AD3d 427, 429 [1st Dept 2014] ["petitioners supported this turnover petition brought pursuant to CPLR 5225 and 5227 with competent evidence that the Banks hold assets of the judgment debtor in China"]).

Finally, a separate and independent bar to the relief sought is the absence of any proof in the record that the judgment debtor was notified of the restraining notice served on "Amazon," as required by CPLR §5222 (See <u>Lincoln Sq. Synagogue, Inc v Lexington Strategies, LLC</u>, 2020 NY Slip Op 32793[U], 2-3 [Sup Ct, NY County 2020] ["[w]hen a restraining notice is served on a third-party garnishee, as here, the turnover proceeding may not be maintained if the judgment creditor fails to comply with CPLR 5222 (d) and (e) governing notice to the judgment debtor regarding that restraining notice"]).

Accordingly, it is

**ORDERED** and **ADJUDGED** that the petition is denied and this proceeding dismissed, without prejudice; and it is further,

**ORDERED** that petitioner shall serve a copy of this order, with notice of entry, on respondents as well as on the Clerk of the Court (60 Centre St., Room 141B) and the Clerk of the General Clerk's Office (60 Centre St., Room 119) within ten days from entry; and it is further

**ORDERED** that the Clerk of the Court is directed to enter judgment accordingly; and it is further

---

[1] Petitioner's attempt to amend the petition to name Amazon Payments, Inc. as respondent is of no effect, as filed in contravention of CPLR §3025. However, even if this were not the case, the record is devoid of any evidence showing that Amazon Payments, Inc. is indebted to the judgment debtor.

**654656/2023  IN THE MATTER OF SUPPLEMENTARY PROCEEDINGS MICHAEL PAGE**          **Page 3 of 4**
**INTERNATIONAL, INC. vs. AMAZON.COM SALES, INC. ET AL**
**Motion No. 001**

[* 3]

**ORDERED** that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision, order, and judgment of the court.

| 4/9/2024 | | | | | |
|----------|---|---|---|---|---|
| DATE | | | | HON. JUDY H. KIM, J.S.C. | |
| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**654656/2023  IN THE MATTER OF SUPPLEMENTARY PROCEEDINGS MICHAEL PAGE INTERNATIONAL, INC. vs. AMAZON.COM SALES, INC. ET AL Motion No. 001**

**Page 4 of 4**

4 of 4